**FRIEDMAN & JAMES LLP**
Attorneys for Plaintiff
132 Nassau Street, Suite 900
New York, NY 10038
(212) 233-9385
JJ-8110



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CARMEN D'ALESSANDRO,

               Plaintiff,

    -against-

MODERN CONTINENTAL, INC. and
STERLING EQUIPMENT, INC.,

               Defendants.
-----------------------------------------------------------X

**07 CIV 9725**

PLAINTIFF DEMANDS
A TRIAL BY JURY

<u>COMPLAINT</u>

SEAMAN'S CASE UNDER
THE JONES ACT FOR
PERSONAL INJURIES

               **SUITS UNDER SPECIAL RULE FOR SEAMEN TO
SUE WITHOUT SECURITY OR PREPAYMENT OF
FEES FOR THE ENFORCEMENT OF THE LAWS
OF THE UNITED STATES, COMMON AND STAT-
UTORY FOR THE PROTECTION OF AND FOR
<u>THE HEALTH AND SAFETY OF SEAMEN AT SEA</u>**

    Plaintiff CARMEN D'ALESSANDRO, by her attorneys FRIEDMAN & JAMES LLP, complaining of the defendants MODERN CONTINENTAL, INC. and STERLING EQUIPMENT, INC., respectfully alleges upon information and belief as follows:

1.      This action is brought pursuant to the Jones Act, 46 U.S.C. §§ 30104 *et seq.* (formerly codified at 46 U.S.C. § 688) and the general maritime law, the provisions of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), as authorized by the saving to suitors clause of The Judiciary Act of 1789, as amended, codified at 28 U.S.C. § 1331(1).

## FIRST COUNT

2.      At all times hereinafter mentioned, defendants were and still are corporations, or other business organizations, organized and existing under and by virtue of the laws of a state other than the State of New York, authorized to transact business in the State of New York, and were engaged in the business of owning and operating a vessel or fleet of vessels upon navigable waters of the State of New York.

3.      At all times and dates hereinafter mentioned, defendants owned the vessel MR. BARGE.

4.      At all times and dates hereinafter mentioned, defendants operated the vessel MR. BARGE.

5.      At all times and dates hereinafter mentioned, defendants managed the vessel MR. BARGE.

6.      At all times and dates hereinafter mentioned, defendants controlled the vessel MR. BARGE.

7.      At all times and dates hereinafter mentioned, the plaintiff was a member of the crew of the vessel MR. BARGE and an employee of defendant MODERN CONTINENTAL, INC..

8. On or about October 16, 2006, without any fault on the part of the plaintiff, and wholly and solely by reason of the negligence, carelessness and recklessness and of the defendants, its and their agents, servants and/or employees, and by reason of the unseaworthiness of the vessel MR. BARGE, plaintiff was caused to sustain injuries.

9. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing her to suffer pain, and for a time she was prevented from attending to her daily labors, thereby losing sums of money which she otherwise would have earned as wages, and has endeavored to be cured of her injuries, and has expended sums of money to maintain herself, and will continue to endure pain and suffering, all to her damage.

10. By reason of the foregoing, plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## SECOND COUNT

11. Plaintiff repeats and realleges each and every allegation of paragraphs 1-10 in this Complaint as if fully set forth at length herein.

12. At all relevant times, plaintiff CARMEN D'ALESSANDRO was and still is a resident of the State of New York.

13. At all times material hereto, plaintiff was engaged in performing maritime construction, repair and/or demolition activities within the purview of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

14. Upon information and belief, at all times material hereto, defendants acted in the dual capacity of vessel owner and plaintiff's employer.

15. On or about October 16, 2006, plaintiff was caused to sustain severe and permanent personal injuries.

16. Said injuries were caused by the negligence of the defendants in its and their ownership, possession, management, operation and control of the vessel, MR. BARGE, and its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. 905(b) and its implementing regulations.

17. By reason of the foregoing, plaintiff has been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### THIRD COUNT

18. Plaintiff repeats and realleges each and every allegation of paragraphs 1-17 in this Complaint as if fully set forth at length herein.

19. Plaintiff is entitled to maintenance, cure, and medical expenses for the period that she was disabled and unable to work in the total sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**WHEREFORE**, plaintiff CARMEN D'ALESSANDRO demands judgment against defendants MODERN CONTINENTAL, INC. and STERLING EQUIPMENT, INC. in the First Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendants MODERN CONTINENTAL, INC. and STERLING EQUIPMENT, INC. in the Second Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; and against defendants MODERN CONTINENTAL, INC. and STERLING

EQUIPMENT, INC. in the Third Count in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; together with interest and costs.

Dated: New York, New York
November 1, 2007

By: *[signature]*

**FRIEDMAN & JAMES LLP**
Attorneys for Plaintiff

John P. James (JJ-8110)
132 Nassau Street, Suite 900
New York, New York 10038
(212) 233-9385
jjames@friedmanjames.com