```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
                                    :
CARMEN D'ALESSANDRO                 :   Case No. 07cv9725 (DAB)
                                    :
          Plaintiff,                :
                                    :
        - v -                       :   ANSWER
                                    :
MODERN CONTINENTAL, INC and         :
STERLING EQUIPMENT, INC.            :
                                    :
          Defendants.               :
                                    :
------------------------------------X
```

Defendant, Modern Continental, Inc., (referred to hereinafter as "Modern" or "Defendant") in the above captioned Action, by its undersigned attorneys, responds as its Answer to Plaintiff's Complaint, upon information and belief as follows:

1. Defendant denies that this Action arises under the statutory provisions set forth in Paragraph 1 to Plaintiff's Complaint.

## FIRST COUNT

2. Defendant admits the truth of the allegations set forth in Paragraph 2 to Plaintiff's Complaint except to deny that it was engaged in the business of owning and operating a vessel or fleet of vessels upon navigable waters of the State of New York.

3. Defendant denies the truth of the allegations set forth in Paragraph 3 to Plaintiff's Complaint.

4. Defendant denies the truth of the allegations set forth in Paragraph 4 to Plaintiff's Complaint.

5. Defendant denies the truth of the allegations set forth in Paragraph 5 to Plaintiff's Complaint.

6. Defendant denies the truth of the allegations set forth in Paragraph 6 to Plaintiff's Complaint.

7. Defendant denies the truth of the allegations set forth in Paragraph 7 to Plaintiff's Complaint except to admit that plaintiff was an employee of Modern.

8. Defendant denies the truth of the allegations set forth in Paragraph 8 to Plaintiff's Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 to Plaintiff's Complaint.

10. Defendant denies the truth of the allegations set forth in Paragraph 10 to Plaintiff's Complaint.

## **SECOND COUNT**

11. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 10 above as if set forth fully herein at length.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 to Plaintiff's Complaint.

13. Defendant admits the truth of the allegations set forth in Paragraph 13 to Plaintiff's Complaint.

14. Defendant denies the truth of the allegations set forth in Paragraph 14 to Plaintiff's Complaint.

15. Defendants denies the truth of the allegations set forth in Paragraph 15 to Plaintiff's Complaint.

16. Defendant denies the truth of the allegations set forth in Paragraph 16 to Plaintiff's Complaint.

17. Defendant denies the truth of the allegations set forth in Paragraph 16 to Plaintiff's Complaint.

### THIRD COUNT

18. Defendant repeats and realleges the responses set forth in Paragraphs 1 through 17 above as if set forth fully herein at length.

19. Defendant denies the truth of the allegations set forth in Paragraph 19 to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant asserts that the cause of injuries to Plaintiff was due solely, or in part, to the misconduct or negligence of Plaintiff or of a third-party over whom Defendants had no control.

**THIRD AFFIRMATIVE DEFENSE**

Defendant asserts that it had no knowledge of any unsafe condition that could have contributed to any injury to Plaintiff.

**FOUR AFFIRMATIVE DEFENSE**

In the event that Judgment is entered for Plaintiff in this Action, Defendant asserts that it is entitled to recoupment of the full amount of compensation and medical benefits provided to Plaintiff and on Plaintiff's behalf under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 et seq arising out of this incident.

**FIFTH AFFIRMATIVE DEFENSE**

In the event that Judgment is entered for Plaintiff in this Action, Defendant asserts that it is entitled to be reimbursed by the Plaintiff for the full amount of compensation and medical benefits provided to Plaintiff and on Plaintiff's behalf under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 et seq arising out of this incident.

**SIXTH AFFIRMATIVE DEFENSE**

In the event that Judgment is entered for Plaintiff in this Action, Defendant asserts that it is entitled to a credit for the full amount of compensation and medical benefits provided to Plaintiff and on Plaintiff's behalf under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. § 901 et seq arising out of this incident.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant asserts that whatever illnesses, injuries or damages, if any, plaintiff may have sustained, which are specifically denied, said illnesses, injuries, and/or damages, did not occur through any act of omission or commission on part of Defendant, its agents, servants, officers, and/or employees.

**EIGHTH AFFIRMATIVE DEFENSE**

This action is barred by the doctrine of waiver and/or estoppel.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is entitled to an exoneration and/or limitation of its liability under the Shipowner's Liability Act of 1851, 46 U.S.C. § 181 et seq.

WHEREFORE, Defendant, Modern Continental, Inc., demands judgment dismissing Plaintiff's Complaint with prejudice and awarding Defendant its attorney's fees, costs of suit, and disbursements, and such other relief as the court deems just and proper.

```
Dated: December 13, 2007

                              FLICKER, GARELICK & ASSOCIATES, LLP
                              Attorneys for Defendants
                              Modern Continental, Inc.


                         By:  /s/Kenneth M. Simon
                              Kenneth M. Simon, Esq. (KMS9684)
                              Flicker, Garelick & Associates
                              45 Broadway
                              New York, New York 10006
                              Telephone: (212) 319-5240
                              Facsimile: (212) 888-5271
                              Email: ksimon@flickergarelick.com
```

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X
                                   :
CARMEN D'ALESSANDRO                :    Case No. 07cv9725 (DAB)
                                   :
          Plaintiff,               :
                                   :
        - v -                      :    CERTIFICATION OF SERVICE
                                   :
MODERN CONTINENTAL, INC and        :
STERLING EQUIPMENT, INC.           :
                                   :
          Defendants.              :
                                   :
-----------------------------------X
```

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Answer was furnished by Certified Mail Return Receipt Requested and by First Class U.S. Postage prepaid upon the following on December 13, 2007:

        Sterling Equipment, Inc.
        62 Navy Street
        East Boston, Massachusetts 02128


        /s/Kenneth M. Simon