JOHN F. RYAN (JF-1762)
McDERMOTT & RADZIK, LLP
*Attorneys for Defendant*
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY  10005-1801
(212) 376-6400
(Our File:  GM-08-3618 JFR/CGP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| CARMEN D'ALLESANDRO, | ECF CASE |
| Plaintiff, | |
| | 07 Civ. 9725 (SWK) (DCF) |
| - against - | |
| MODERN CONTINENTAL, INC. and STERLING EQUIPMENT, INC., | ANSWER OF DEFENDANT, STERLING EQUIPMENT, INC. |
| Defendants. | |

------------------------------------------------------------X

Defendant, Sterling Equipment, Inc. (hereinafter referred to as "SEI"), by and through its attorneys, McDERMOTT & RADZIK, LLP, upon information and belief, responds to the allegations in the Complaint and as its Answer asserts its affirmative defenses as follows:

## Jurisdiction

1. The allegations contained in Paragraph 1 of the Complaint are legal conclusions to which no response is required, but to the extent that Paragraph 1 contains factual allegations, SEI denies them.

## First Count
### (Unseaworthiness)

2.  SEI admits that it is a foreign corporation authorized to transact business in the State of New York, but except as so specifically admitted, SEI denies the truth of the remaining allegations contained in Paragraph 2 of the Complaint.

3.  SEI admits the truth of the allegations contained in Paragraph 3 of the Complaint.

4.  SEI denies the truth of the allegations contained in Paragraph 4 of the Complaint.

5.  SEI denies the truth of the allegations contained in Paragraph 5 of the Complaint.

6.  SEI denies the truth of the allegations contained in Paragraph 6 of the Complaint.

7.  SEI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.  SEI denies the truth of the allegations contained in Paragraph 8 of the Complaint.

9.  SEI denies the truth of the allegations contained in Paragraph 9 of the Complaint.

10. SEI denies the truth of the allegations contained in Paragraph 10 of the Complaint.

## Second Count
### (Jones Act Negligence)

11. SEI repeats and reiterates its responses to the allegations contained in Paragraphs 1 through 10 of the Complaint as if set forth fully herein.

12. SEI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore calls upon plaintiff to prove same.

13. SEI is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. SEI denies the truth of the allegations contained in Paragraph 14 of the Complaint.

15. SEI denies the truth of the allegations contained in Paragraph 15 of the Complaint.

16. SEI denies the truth of the allegations contained in Paragraph 16 of the Complaint.

17. SEI denies the truth of the allegations contained in Paragraph 17 of the Complaint.

## Third Count
### (Maintenance and Cure)

18. SEI repeats and reiterates its responses to the allegations contained in Paragraphs 1 through 17 of the Complaint as if set forth fully herein.

19.     SEI denies the truth of the allegations contained in Paragraph 19 of the Complaint.

## AFFIRMATIVE DEFENSES

SEI incorporates the following affirmative defenses into each and every paragraph contained in its Answer to the Complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the causes of action contained in the Complaint fail to state claims upon which relief may be granted against this defendant.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That SEI is not plaintiff's employer and is not a proper party in interest as required by Fed. R. Civ. P. 17 with respect to the First and Third Counts of the Complaint.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That at the time and place alleged in the Complaint, plaintiff carelessly and negligently conducted herself that she, by her own negligence, contributed directly and proximately to her own alleged injuries and damages, and accordingly, plaintiff should recover nothing, or, in the alternative, her damages should be reduced by her proportionate degree of fault.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That plaintiff's alleged injuries and damages, which are all denied, if any, were due to, or caused solely by, her own negligence, failure and breach to exercise her duty of care, skill and knowledge in the performance of her work as reasonably required of a

seaman of plaintiff's experience, and was not due to any negligence or fault on the part of SEI or any person form whom SEI may be legally responsible.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

That plaintiff's alleged injuries and damages, if any, were due to, or caused by, the negligence of a third-party over whom SEI had no control and was not legally responsible.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

That SEI had no knowledge or notice of any unsafe conditions or hazards that could have contributed to any injury to plaintiff.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

That in the event the judgment is entered for plaintiff in this action, SEI asserts that it is entitled to recoupment of the full amount of compensation and medical benefits provided to plaintiff and on plaintiff's behalf under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§901 *et seq.* arising out of this incident.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

That in the event that judgment is entered for plaintiff in this action, SEI asserts that it is entitled to be reimbursed by the plaintiff for the full amount of compensation and medical benefits provided to Plaintiff and on Plaintiff's behalf under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§901 *et seq.* arising out of this incident.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

That in the event that judgment is entered for plaintiff in this action, SEI asserts that it is entitled to a credit for the full amount of compensation and medical benefits

provided to plaintiff and on plaintiff's behalf under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§901 *et seq.* arising out of this incident.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

That whatever illnesses, injuries or damages, if any, plaintiff may have sustained, which are specifically denied, said illnesses, injuries, and/or damages, did not occur through any act of omission or commission on part of SEI, its agents, servants, officers, and/or employees.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

That this action is barred by the doctrine of waiver and/or estoppel.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

That SEI is entitled to an exoneration and/or limitation of its liability under the Shipowner's Liability Act of 1851, 46 U.S.C. §§181 *et seq.*

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

That SEI hereby intends to rely upon other and further defenses as may become available or apparent during the pendency of this action and hereby reserves the right to amend its Answer to the Complaint to assert additional defenses by appropriate motion.

WHEREFORE, defendant Sterling Equipment, Inc., demands the judgment be entered in its favor dismissing the Complaint with prejudice, together with of costs of suit and disbursements, including reasonable attorneys' fees, incurred in connection with this action, and such other and further relief to which it may show itself justly entitled.

Dated: New York, New York
      March 14, 2008

McDERMOTT & RADZIK, LLP
*Attorneys for Defendant*
Sterling Equipment, Inc.

By: _____
JOHN F. RYAN (JR-1762)
Wall Street Plaza
88 Pine Street – 21st Floor
New York, NY 10005-1801
(212) 376-6400
(212) 376-6488 (Facsimile)
e-mail: jfryan@mcdermottradzik.com

- and -

Norman A. Peloquin, II
*Of Counsel*
PARTRIDGE SNOW & HAHN LLP
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (Facsimile)
E-mail: nap@psh.com

TO: John P. James, Esq.
Friedman & James, LLP
*Attorneys for Plaintiff*
132 Nassau Street – Suite 900
New York, NY 10038

Kenneth M. Simon, Esq.
Flicker, Garelick & Associates, LLP
*Attorneys for Defendant Modern Continental Inc.*
45 Broadway
New York, NY 10006