

**FRIEDMAN, JAMES & BUCHSBAUM LLP**
Attorneys for Plaintiffs
132 Nassau Street, Suite 900
New York, NY 10038
(212) 233-9385
JJ-8110

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

CARMEN D'ALESSANDRO,                                          **07 CV 9725 (DAB)(DF)**

                Plaintiff,

      -against-

MODERN CONTINENTAL, INC. and                     **STIPULATION PERMITTING**
STERLING EQUIPMENT, INC.,                              **FILING OF AMENDED**
                                   **COMPLAINT**

                Defendants.

-------------------------------------------------------X

        **IT IS HEREBY STIPULATED** by and among the undersigned attorneys for the

parties who have appeared in the captioned action that pursuant to Rule 15(a)(2) of

the Federal Rules of Civil Procedure, plaintiff may amend the Complaint in

accordance with the proposed Amended Complaint attached as Exhibit 1. Facsimile

signatures affixed to this Stipulation shall be accepted as if they were original

signatures.

Dated:     New York, New York
           August 25, 2008

**FRIEDMAN, JAMES & BUCHSBAUM LLP**
Attorneys for Plaintiff

By: _____
John P. James (JJ-8110)
132 Nassau Street, Suite 900
New York, New York 10038
(212) 233-9385
jjames@friedmanjames.com

**FLICKER, GARELICK & ASSOCIATES LLP**
Attorneys for Defendant
Modern Continental Inc.

By: _____
Ken Simon (KS-9684)
45 Broadway
New York, New York 10006
(212) 319-5240
ksimon@flickergarelick.com

**MCDERMOTT & RADZIK, LLP**
Attorneys for Defendant
Sterling Equipment Inc.

By: _____
John F. Ryan (JR-1762)
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 376-6400
jfryan@mcdermottradzik.com

**SO ORDERED:**

_Deborah A. Batts_
_____
**U.S.D.J.**

**FRIEDMAN, JAMES & BUCHSBAUM LLP**
Attorneys for Plaintiff

By: _____

John P. James (JJ-8110)
132 Nassau Street, Suite 900
New York, New York 10038
(212) 233-9385
jjames@friedmanjames.com

**FLICKER, GARELICK & ASSOCIATES LLP**
Attorneys for Defendant
Modern Continental Inc.

By: _____

Ken Simon (KS-9684)
45 Broadway
New York, New York 10006
(212) 319-5240
ksimon@flickergarelick.com

**MCDERMOTT & RADZIK, LLP**
Attorneys for Defendant
Sterling Equipment Inc.

By: _____

John F. Ryan (JR-1762)
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 376-6400
jfryan@mcdermottradzik.com

**SO ORDERED:**

_____
**U.S.D.J.**

**FRIEDMAN, JAMES & BUCHSBAUM LLP**
Attorneys for Plaintiff

By:   _____

John P. James (JJ-8110)
132 Nassau Street, Suite 900
New York, New York  10038
(212) 233-9385
jjames@friedmanjames.com

**FLICKER, GARELICK & ASSOCIATES LLP**
Attorneys for Defendant
Modern Continental Inc.

By:   _____

Ken Simon (KS-9564)
45 Broadway
New York, New York 10006
(212) 319-5240
ksimon@flickergarelick.com

**MCDERMOTT & RADZIK, LLP**
Attorneys for Defendant
Sterling Equipment Inc.

By:   _____

John F. Ryan (JR-1762)
Wall Street Plaza
88 Pine Street
New York, NY 10005-1801
(212) 376-6400
jfryan@mcdermottradzik.com

**SO ORDERED:**

_____
**U.S.D.J.**

# EXHIBIT   1

**FRIEDMAN, JAMES & BUCHSBAUM LLP**
Attorneys for Plaintiffs
132 Nassau Street, Suite 900
New York, NY 10038
(212) 233-9385
JJ-8110

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

CARMEN D'ALESSANDRO and
MICHAEL D'ALESSANDRO,

                              Plaintiffs,

              -against-

MODERN CONTINENTAL, INC.,
MODERN CONTINENTAL CONSTRUCTION
CO., INC., MODERN CONTINENTAL
COMPANY, MODERN CONTINENTAL
COMPANIES, INC., and STERLING
EQUIPMENT, INC.,

                              Defendants.

-------------------------------------------------------X

ECF

07 CV-9725 (DAB)(DF)

**PLAINTIFF DEMANDS**
**A TRIAL BY JURY**

**AMENDED COMPLAINT**

**SEAMAN'S CASE UNDER**
**THE JONES ACT FOR**
**PERSONAL INJURIES**

**SUITS UNDER SPECIAL RULE FOR SEAMEN TO**
**SUE WITHOUT SECURITY OR PREPAYMENT OF**
**FEES FOR THE ENFORCEMENT OF THE LAWS**
**OF THE UNITED STATES, COMMON AND STAT-**
**UTORY FOR THE PROTECTION OF AND FOR**
**THE HEALTH AND SAFETY OF SEAMEN AT SEA**

Plaintiffs CARMEN D'ALESSANDRO and MICHAEL D'ALESSANDRO,

by their attorneys FRIEDMAN, JAMES & BUCHSBAUM LLP, complaining of the

defendants MODERN CONTINENTAL, INC., MODERN CONTINENTAL

CONSTRUCTION CO., INC., MODERN CONTINENTAL COMPANY, MODERN

CONTINENTAL COMPANIES, INC., and STERLING EQUIPMENT, INC., respectfully allege upon information and belief as follows:

1.  Plaintiffs are citizens and residents of the State of New York.

2.  MODERN CONTINENTAL, INC. (hereinafter "MCI") is a Corporation, or other business organization, organized and existing under and by virtue of the laws of a state other than the State of New York, authorized to transact business in the State of New York, and is engaged in business in the State of New York, including, but not limited to, owning, chartering, operating, managing, controlling and manning vessels or a fleet of vessels upon navigable waters of the State of New York.

3.  MODERN CONTINENTAL CONSTRUCTION CO., INC. (hereinafter "MCCCI") is a Corporation, or other business organization, organized and existing under and by virtue of the laws of a state other than the State of New York, authorized to transact business in the State of New York, and is engaged in business in the State of New York, including, but not limited to, owning, chartering, operating, managing, controlling and manning vessels or a fleet of vessels upon navigable waters of the State of New York.

4.  MODERN CONTINENTAL COMPANY (hereinafter "MCC") is a Corporation, or other business organization, organized and existing under and by virtue of the laws of a state other than the State of New York, authorized to transact business in the State of New York, and is engaged in business in the State of New York, including, but not limited to, owning, chartering, operating, managing, controlling

2

and manning vessels or a fleet of vessels upon navigable waters of the State of New York.

5.    MODERN CONTINENTAL COMPANIES, INC. (hereinafter "MC COMPANIES") is a Corporation, or other business organization, organized and existing under and by virtue of the laws of a state other than the State of New York, authorized to transact business in the State of New York, and is engaged in business in the State of New York, including, but not limited to, owning, chartering, operating, managing, controlling and manning vessels or a fleet of vessels upon navigable waters of the State of New York.

6.    STERLING EQUIPMENT, INC. (hereinafter "STERLING") is a Corporation, or other business organization, organized and existing under and by virtue of the laws of a state other than the State of New York, authorized to transact business in the State of New York, and is engaged in business in the State of New York, including, but not limited to, owning, chartering, operating, managing, controlling and manning vessels or a fleet of vessels upon navigable waters of the State of New York.

7.    Jurisdiction is founded upon the Jones Act, 46 U.S.C. §§ 30104 *et seq.*, and 28 U.S.C. § 1332(a)(1).

8.    The causes of action and law applicable to such causes of action set forth herein are governed by the Jones Act, 46 U.S.C. § 30104, the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 905(b), the general maritime law, and applicable laws of the State of New York.

3

## FIRST COUNT AGAINST
## DEFENDANT MODERN CONTINENTAL, INC.

9.    At all times hereinafter mentioned, defendant MCI owned the vessel MR. BARGE.

10.    At all times and dates hereinafter mentioned, defendant MCI operated the vessel MR. BARGE.

11.    At all times and dates hereinafter mentioned, defendant MCI managed the vessel MR. BARGE.

12.    At all times and dates hereinafter mentioned, defendant MCI controlled the vessel MR. BARGE.

13.    At all times and dates hereinafter mentioned, defendant MCI was the owner *pro hac vice* of the vessel MR. BARGE.

14.    At all times and dates hereinafter mentioned, the plaintiff was an employee of defendant MCI.

15.    At all times and dates hereinafter mentioned, plaintiff CARMEN D'ALESSANDRO was a member of the crew of the vessel MR. BARGE.

16.    On or about October 16, 2006, without any fault on the part of the plaintiff CARMEN D'ALESSANDRO, and wholly and solely by reason of the negligence, carelessness and recklessness and of the defendant MCI, its agents, servants and/or employees, and by reason of the unseaworthiness of the vessel MR. BARGE, plaintiff CARMEN D'ALESSANDRO was caused to sustain injuries.

17.    As a result of the foregoing, plaintiff CARMEN D'ALESSANDRO was rendered sick, sore, lame and disabled and sustained severe permanent personal

4

injuries, was and is internally and externally disabled causing her to suffer pain, and for a time she was prevented from attending to her daily labors, thereby losing sums of money which she otherwise would have earned as wages, and has endeavored to be cured of her injuries, and has expended sums of money to maintain herself, and will continue to endure pain and suffering, all to her damage.

18.    By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### SECOND COUNT AGAINST
### DEFENDANT MODERN CONTINENTAL, INC.

19.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-18 in this Amended Complaint as if fully set forth at length herein.

20.    At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in performing maritime construction, repair and/or demolition activities within the purview of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

21.    Upon information and belief, at all times material hereto, defendant MCI acted in the dual capacity of vessel owner and plaintiff's employer.

22.    On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

23.    Said injuries were caused by the negligence of the defendant MCI in its ownership, possession, management, operation and control of the vessel, MR. BARGE, and its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. 905(b) and its implementing regulations.

5

24.     By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### THIRD COUNT AGAINST
### DEFENDANT MODERN CONTINENTAL, INC.

25.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1-24 in this Amended Complaint as if fully set forth at length herein.

26.     At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in construction and activities within the purview of the Labor Law of the State of New York, including those activities protected by §§ 200, 240(1) and 241(6).

27.     On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

28.     Said injuries were caused by the negligence of defendant MCI in its ownership, possession, management, operation, and control of the vessel, MR. BARGE, and its equipment and/or appurtenances utilized thereon, and by otherwise breaching the obligations set forth in applicable sections of the New York State Labor Law and safety standards and regulations promulgated thereunder, and implementing such laws.

29.     By reason of the foregoing, plaintiff CARMEN D'ALESSANDRO have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### FOURTH COUNT AGAINST DEFENDANT
### MODERN CONTINENTAL CONSTRUCTION CO., INC.

30.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1-29 in the Amended Complaint as if fully set forth at length herein.

6

31.    At all times hereinafter mentioned, defendant MCCCI owned the vessel MR. BARGE.

32.    At all times and dates hereinafter mentioned, defendant MCCCI operated the vessel MR. BARGE.

33.    At all times and dates hereinafter mentioned, defendant MCCCI managed the vessel MR. BARGE.

34.    At all times and dates hereinafter mentioned, defendant MCCCI controlled the vessel MR. BARGE.

35.    At all times and dates hereinafter mentioned, defendant MCCCI was the owner *pro hac vice* of the vessel MR. BARGE.

36.    At all times and dates hereinafter mentioned, the plaintiff was an employee of defendant MCCCI.

37.    At all times and dates hereinafter mentioned, plaintiff CARMEN D'ALESSANDRO was a member of the crew of the vessel MR. BARGE.

38.    On or about October 16, 2006, without any fault on the part of the plaintiff CARMEN D'ALESSANDRO, and wholly and solely by reason of the negligence, carelessness and recklessness and of the defendant MCCCI, its agents, servants and/or employees, and by reason of the unseaworthiness of the vessel MR. BARGE, plaintiff CARMEN D'ALESSANDRO was caused to sustain injuries.

39.    As a result of the foregoing, plaintiff CARMEN D'ALESSANDRO was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing her to suffer pain, and for a time she was prevented from attending to her daily labors, thereby losing sums

7

of money which she otherwise would have earned as wages, and has endeavored to be cured of her injuries, and has expended sums of money to maintain herself, and will continue to endure pain and suffering, all to her damage.

40.    By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### FIFTH COUNT AGAINST DEFENDANT
### MODERN CONTINENTAL CONSTRUCTION CO., INC.

41.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-40 in this Amended Complaint as if fully set forth at length herein.

42.    At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in performing maritime construction, repair and/or demolition activities within the purview of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

43.    Upon information and belief, at all times material hereto, defendant MCCCI acted in the dual capacity of vessel owner and plaintiff's employer.

44.    On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

45.    Said injuries were caused by the negligence of the defendant MCCCI in its ownership, possession, management, operation and control of the vessel, MR. BARGE, and its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. 905(b) and its implementing regulations.

46.    By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

8

### SIXTH COUNT AGAINST DEFENDANT
### MODERN CONTINENTAL CONSTRUCTION CO., INC.

47.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-46 in this Amended Complaint as if fully set forth at length herein.

48.    At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in construction and activities within the purview of the Labor Law of the State of New York, including those activities protected by §§ 200, 240(1) and 241(6).

49.    On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

50.    Said injuries were caused by the negligence of defendant MCCCI in its ownership, possession, management, operation, and control of the vessel, MR. BARGE, and its equipment and/or appurtenances utilized thereon, and by otherwise breaching the obligations set forth in applicable sections of the New York State Labor Law and safety standards and regulations promulgated thereunder, and implementing such laws.

51.    By reason of the foregoing, plaintiff CARMEN D'ALESSANDRO have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### SEVENTH COUNT AGAINST
### DEFENDANT MODERN CONTINENTAL COMPANY

52.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-51 in this Amended Complaint as if fully set forth at length herein.

53.    At all times hereinafter mentioned, defendant MCC owned the vessel MR. BARGE.

9

54.    At all times and dates hereinafter mentioned, defendant MCC operated the vessel MR. BARGE.

55.    At all times and dates hereinafter mentioned, defendant MCC managed the vessel MR. BARGE.

56    At all times and dates hereinafter mentioned, defendant MCC controlled the vessel MR. BARGE.

57.    At all times and dates hereinafter mentioned, defendant MCC was the owner *pro hac vice* of the vessel MR. BARGE.

58.    At all times and dates hereinafter mentioned, the plaintiff was an employee of defendant MCC.

59.    At all times and dates hereinafter mentioned, plaintiff CARMEN D'ALESSANDRO was a member of the crew of the vessel MR. BARGE.

60.    On or about October 16, 2006, without any fault on the part of the plaintiff CARMEN D'ALESSANDRO, and wholly and solely by reason of the negligence, carelessness and recklessness and of the defendant MCC, its agents, servants and/or employees, and by reason of the unseaworthiness of the vessel MR. BARGE, plaintiff CARMEN D'ALESSANDRO was caused to sustain injuries.

61.    As a result of the foregoing, plaintiff CARMEN D'ALESSANDRO was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing her to suffer pain, and for a time she was prevented from attending to her daily labors, thereby losing sums of money which she otherwise would have earned as wages, and has endeavored to

10

be cured of her injuries, and has expended sums of money to maintain herself, and will continue to endure pain and suffering, all to her damage.

62.    By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

### EIGHTH COUNT AGAINST
### DEFENDANT MODERN CONTINENTAL COMPANY

63.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-62 in this Amended Complaint as if fully set forth at length herein.

64.    At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in performing maritime construction, repair and/or demolition activities within the purview of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

65.    Upon information and belief, at all times material hereto, defendants acted in the dual capacity of vessel owner and plaintiff's employer.

66.    On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

67.    Said injuries were caused by the negligence of the defendant MCC in its ownership, possession, management, operation and control of the vessel, MR. BARGE, and its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. 905(b) and its implementing regulations.

68.    By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

11

## NINTH COUNT AGAINST
## DEFENDANT MODERN CONTINENTAL COMPANY

69.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1-68 in this Amended Complaint as if fully set forth at length herein.

70.     At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in construction and activities within the purview of the Labor Law of the State of New York, including those activities protected by §§ 200, 240(1) and 241(6).

71.     On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

72.     Said injuries were caused by the negligence of defendant MCC in its ownership, possession, management, operation, and control of the vessel, MR. BARGE, and its equipment and/or appurtenances utilized thereon, and by otherwise breaching the obligations set forth in applicable sections of the New York State Labor Law and safety standards and regulations promulgated thereunder, and implementing such laws.

73.     By reason of the foregoing, plaintiff CARMEN D'ALESSANDRO have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## TENTH COUNT AGAINST DEFENDANT
## MODERN CONTINENTAL COMPANIES, INC.

74.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1-73 in this Amended Complaint as if fully set forth at length herein.

75.     At all times hereinafter mentioned, defendant MC COMPANIES owned the vessel MR. BARGE.

12

76.     At all times and dates hereinafter mentioned, defendant MC COMPANIES operated the vessel MR. BARGE.

77.     At all times and dates hereinafter mentioned, defendant MC COMPANIES managed the vessel MR. BARGE.

78.     At all times and dates hereinafter mentioned, defendant MC COMPANIES controlled the vessel MR. BARGE.

79.     At all times and dates hereinafter mentioned, defendant MC COMPANIES was the owner *pro hac vice* of the vessel MR. BARGE.

80.     At all times and dates hereinafter mentioned, the plaintiff was an employee of defendant MC COMPANIES.

81.     At all times and dates hereinafter mentioned, plaintiff CARMEN D'ALESSANDRO was a member of the crew of the vessel MR. BARGE.

82.     On or about October 16, 2006, without any fault on the part of the plaintiff CARMEN D'ALESSANDRO, and wholly and solely by reason of the negligence, carelessness and recklessness and of the defendant MC COMPANIES, its agents, servants and/or employees, and by reason of the unseaworthiness of the vessel MR. BARGE, plaintiff CARMEN D'ALESSANDRO was caused to sustain injuries.

83.     As a result of the foregoing, plaintiff CARMEN D'ALESSANDRO was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing her to suffer pain, and for a time she was prevented from attending to her daily labors, thereby losing sums of money which she otherwise would have earned as wages, and has endeavored to

13

be cured of her injuries, and has expended sums of money to maintain herself, and will continue to endure pain and suffering, all to her damage.

84.    By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## ELEVENTH COUNT AGAINST DEFENDANT
## MODERN CONTINENTAL COMPANIES, INC.

85.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-84 in this Amended Complaint as if fully set forth at length herein.

86.    At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in performing maritime construction, repair and/or demolition activities within the purview of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq*.

87.    Upon information and belief, at all times material hereto, defendant MC COMPANIES acted in the dual capacity of vessel owner and plaintiff's employer.

88.    On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

89.    Said injuries were caused by the negligence of the defendant MC COMPANIES in its ownership, possession, management, operation and control of the vessel, MR. BARGE, and its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. 905(b) and its implementing regulations.

90.    By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

14

## TWELFTH COUNT AGAINST DEFENDANT
## MODERN CONTINENTAL COMPANIES, INC.

91.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-90 in this Amended Complaint as if fully set forth at length herein.

92.    At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in construction and activities within the purview of the Labor Law of the State of New York, including those activities protected by §§ 200, 240(1) and 241(6).

93.    On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

94.    Said injuries were caused by the negligence of defendant MC COMPANIES in its ownership, possession, management, operation, and control of the vessel, MR. BARGE, and its equipment and/or appurtenances utilized thereon, and by otherwise breaching the obligations set forth in applicable sections of the New York State Labor Law and safety standards and regulations promulgated thereunder, and implementing such laws.

95.    By reason of the foregoing, plaintiff CARMEN D'ALESSANDRO have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## THIRTEENTH COUNT AGAINST
## DEFENDANT STERLING EQUIPMENT, INC.

96.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-95 in this Amended Complaint as if fully set forth at length herein.

97.    At all times hereinafter mentioned, defendant STERLING owned the vessel MR. BARGE.

15

98.    At all times and dates hereinafter mentioned, defendant STERLING operated the vessel MR. BARGE.

99.    At all times and dates hereinafter mentioned, defendant STERLING managed the vessel MR. BARGE.

100.    At all times and dates hereinafter mentioned, defendant STERLING controlled the vessel MR. BARGE.

101.    At all times and dates hereinafter mentioned, defendant STERLING was the owner *pro hac vice* of the vessel MR. BARGE.

102.    At all times and dates hereinafter mentioned, the plaintiff was an employee of defendant STERLING.

103.    At all times and dates hereinafter mentioned, plaintiff CARMEN D'ALESSANDRO was a member of the crew of the vessel MR. BARGE.

104.    On or about October 16, 2006, without any fault on the part of the plaintiff CARMEN D'ALESSANDRO, and wholly and solely by reason of the negligence, carelessness and recklessness and of the defendant STERLING, its agents, servants and/or employees, and by reason of the unseaworthiness of the vessel MR. BARGE, plaintiff CARMEN D'ALESSANDRO was caused to sustain injuries.

105.    As a result of the foregoing, plaintiff CARMEN D'ALESSANDRO was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing her to suffer pain, and for a time she was prevented from attending to her daily labors, thereby losing sums of money which she otherwise would have earned as wages, and has endeavored to

be cured of her injuries, and has expended sums of money to maintain herself, and will continue to endure pain and suffering, all to her damage.

106.    By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## FOURTEENTH COUNT AGAINST
## DEFENDANT STERLING EQUIPMENT, INC.

107.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-106 in this Amended Complaint as if fully set forth at length herein.

108.    At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in performing maritime construction, repair and/or demolition activities within the purview of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

109.    Upon information and belief, at all times material hereto, defendants acted in the dual capacity of vessel owner and plaintiff's employer.

110.    On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

111.    Said injuries were caused by the negligence of the defendant STERLING in its ownership, possession, management, operation and control of the vessel, MR. BARGE, and its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. 905(b) and its implementing regulations.

112.    By reason of the foregoing, plaintiffs have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

17

## FIFTEENTH COUNT AGAINST
## DEFENDANT STERLING EQUIPMENT, INC.

113.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-112 in this Amended Complaint as if fully set forth at length herein.

114.    At all times material hereto, plaintiff CARMEN D'ALESSANDRO was engaged in construction and activities within the purview of the Labor Law of the State of New York, including those activities protected by §§ 200, 240(1) and 241(6).

115.    On or about October 16, 2006, plaintiff CARMEN D'ALESSANDRO was caused to sustain severe and permanent personal injuries.

116.    Said injuries were caused by the negligence of defendant STERLING in its ownership, possession, management, operation, and control of the vessel, MR. BARGE, and its equipment and/or appurtenances utilized thereon, and by otherwise breaching the obligations set forth in applicable sections of the New York State Labor Law and safety standards and regulations promulgated thereunder, and implementing such laws.

117.    By reason of the foregoing, plaintiff CARMEN D'ALESSANDRO have been damaged in the sum of TWO MILLION ($2,000,000.00) DOLLARS.

## SIXTEENTH COUNT AGAINST
## DEFENDANTS MODERN CONTINENTAL, INC.,
## MODERN CONTINENTAL CONSTRUCTION CO.,
## INC., MODERN CONTINENTAL COMPANY, MODERN
## CONTINENTAL COMPANIES, INC., AND STERLING EQUIPMENT, INC.

118.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-117 in this Amended Complaint as if fully set forth at length herein.

18

119.    Plaintiff CARMEN D'ALESSANDRO is entitled to maintenance, cure, and medical expenses for the period that she was disabled and unable to work in the total sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

### SEVENTEENTH COUNT AGAINST DEFENDANTS MODERN CONTINENTAL, INC., MODERN CONTINENTAL CONSTRUCTION CO., INC., MODERN CONTINENTAL COMPANY, MODERN CONTINENTAL COMPANIES, INC., AND STERLING EQUIPMENT, INC.

120.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1-119 in this Amended Complaint as if fully set forth at length herein.

121.    At all times hereinafter mentioned, plaintiff MICHAEL D'ALESSANDRO was husband of plaintiff CARMEN D'ALESSANDRO and continuously cohabitated with her as husband and wife.

122.    As a result of the injuries suffered by his wife, plaintiff CARMEN D'ALESSANDRO, plaintiff MICHAEL D'ALESSANDRO has and will in the future suffer mental and psychological anguish along with loss of usual services, consortium, advice, maintenance, and support of his wife, and has been and will be required to provided special services and care to her.

123.    By reason of the foregoing, plaintiff MICHAEL D'ALESSANDRO has been damaged in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

**WHEREFORE**, plaintiffs CARMEN D'ALESSANDRO and MICHAEL D'ALESSANDRO demand judgment against defendant MODERN CONTINENTAL, INC. in the First Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS;

19

against defendant MODERN CONTINENTAL, INC. in the Second Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL, INC. in the Third Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL CONSTRUCTION CO., INC. in the Fourth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL CONSTRUCTION CO., INC. in the Fifth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL CONSTRUCTION CO., INC. in the Sixth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL COMPANY in the Seventh Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL COMPANY in the Eighth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL COMPANY in the Ninth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL COMPANIES, INC. in the Tenth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL COMPANIES, INC. in the Eleventh Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant MODERN CONTINENTAL COMPANIES, INC. in the Twelfth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant STERLING EQUIPMENT, INC. in the Thirteenth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant STERLING EQUIPMENT, INC. in the Fourteenth Count in the sum of TWO MILLION ($2,000,000.00) DOLLARS; against defendant STERLING EQUIPMENT, INC. in the Fifteenth Count in the sum of TWO

20

MILLION ($2,000,000.00) DOLLARS; against defendants MODERN CONTINENTAL, INC., MODERN CONTINENTAL CONSTRUCTION CO., INC., MODERN CONTINENTAL COMPANY, MODERN CONTINENTAL COMPANIES, INC., and STERLING EQUIPMENT, INC. in the Sixteenth Count in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; and against defendants MODERN CONTINENTAL, INC., MODERN CONTINENTAL CONSTRUCTION CO., INC., MODERN CONTINENTAL COMPANY, MODERN CONTINENTAL COMPANIES, INC., and STERLING EQUIPMENT, INC. in the Seventeenth Count in the sum of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS; together with interest and costs.

Dated:  New York, New York
        August 25, 2008

                              **FRIEDMAN, JAMES & BUCHSBAUM LLP**
                              Attorneys for Plaintiffs

              By:

                              John P. James (JJ-8110)
                              132 Nassau Street, Suite 900
                              New York, NY 10038
                              (212) 233-9385
                              jjames@friedmanjames.com


**TO:    FLICKER, GARELICK & ASSOCIATES LLP**
         Attorneys for Defendant
         MODERN CONTINENTAL, INC.
         45 Broadway
         New York, NY 10006
         Attn: Ken Simon, Esq.

         **MCDERMOTT & RADZIK, LLP**
         Attorneys for Defendant
         STERLING EQUIPMENT, INC.
         Wall Street Plaza
         88 Pine Street
         New York, NY 10005-1801
         Attn:  John F. Ryan, Esq.

21

**MODERN CONTINENTAL CONSTRUCTION
CO., INC.**
175 Purchase Street
Boston, MA 02110

**MODERN CONTINENTAL COMPANY**
540 Grotton Road
Westford, MA 01886

**MODERN CONTINENTAL COMPANIES, INC.**
600 Memorial Drive
Cambridge, MA 02138